No. 27,280.

W. C. COPP and CHARLES D. REISNER, Interpleader, *Appellants*, v. WILLIAM MILTON ZIMMERMAN and MRS. H. K. DE LONG, Interpleader, *Appellees*.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Action for Wages—Evidence of Indebtedness.* In an action by employees to recover wages alleged to have been earned and to be unpaid, a referee was appointed who reported that plaintiffs had failed to establish that an indebtedness existed, which finding was approved by the trial court, it is held upon an appeal that grounds for reversal have not been shown.

2. REFERENCE—*Findings on Question of Fact.* The findings of a reference upon a question of fact is entitled to the same weight as a special finding of a jury.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed May 7, 1927. Affirmed.

*George L. Brown,* of Atchison, for the appellants.
*Charles T. Gundy,* of Atchison, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by W. C. Copp against William Milton Zimmerman, sole trader doing business as Zimmerman Pharmacy in Atchison, to recover for his services as prescription clerk. At the institution of the action a receiver was appointed who took charge of the business and assets of the pharmacy. Charles D. Reisner intervened in the action and set up a claim for $389.30 due to him for services as clerk and porter at the pharmacy. Mrs. H. K. De Long, who had obtained a judgment against the defendant, also intervened and asked for an allowance of $569.80. A referee was appointed by the court who took testimony and made a report

---

Appeal and Error, 4 C. J. pp. 849 n. 37, 38, 890 n. 92, 893 n. 31, 894 n. 56. Reference, 23 R. C. L. 298.

submitting findings of fact and conclusions of law adverse to Copp and Reisner, but in favor of Mrs. De Long. Motions to modify the findings and conclusions of the referee were submitted by Copp and Reisner, but these were denied and judgment accordingly entered. They appeal.

Among other things, the findings were to the effect that William Milton Zimmerman was a farmer residing in another city and knew nothing of the drug business, and depended wholly and entirely upon a son, William Milton Zimmerman, Jr., who had charge of the store for some time. The plaintiff, Copp, was employed as a prescription clerk on September 1, 1923, at a salary of $25 per week until January 1, 1924, when it was increased to $30 per week. The salary was paid up in full until February 1, 1924, when Zimmerman, Jr., abandoned the business and left Atchison. At that time Copp was employed to manage the business at a salary of $35 per week. He took on the management at that time and continued until the appointment of a receiver on February 26, 1925. During this period he had full, complete and exclusive management of the business. He purchased merchandise mostly on credit, extended credit to customers, employed all help, paid incidental expenses, and some payments were made on merchandise accounts. The bookkeeping was done by Copp so far as books were kept. Money was deposited in a savings bank and Copp alone had authority to draw and sign checks. His employees had no authority to sign such checks and did not sign any. During this time he had in his employ Charles D. Reisner, who acted as clerk, porter and fountain boy. At the time Copp took charge of the business he found it was not prosperous, but the amount of the indebtedness he did not know. During the first month he learned of the indebtedness, kept daily records and knew the financial condition of the business at the close of each day. The last three months in which he was connected with the store he knew the failing condition of the business and frequently discussed it with his employer and with his clerk. During these discussions he stated that his claim for salary would be preferred if the business failed. While he was manager he allowed the employees to take merchandise and cash from the store and keep their own accounts, marking the accounts paid when he knew nothing of the correctness of such accounts. Prior to the time he became manager and while he was employed as a clerk he was permitted to draw cash and mer-

chandise for his personal use, and after he became manager he continued to draw cash and merchandise but kept no account of the merchandise taken by him. In the period from June 16, 1924, up to February 6, 1925, his salary amounted to $1,180; $920 of this amount was earned in the six months next preceding February 6, 1925. At all times during his management he had on hand sufficient funds with which to pay current salaries of himself and other employees of the business.

So far as Reisner is concerned it was found that he was employed about June 16, 1924, at a salary of $15 per week and continued in this service under Copp as manager until the business failed. He was a clerk and assisted Copp in the management of the business. In the absence of Copp he had full charge. He was permitted to and did draw cash and merchandise for his personal use and the only record that was kept of such accounts was kept by himself. He would submit such record to Copp, who would check it over and then mark it paid. Copp paid money to him on a very few occasions, generally Reisner took the money from the cash register and paid himself. There were sufficient funds on hand in the store from which he could pay his salary as it was earned. During the period between June 16, 1924, and February 6, 1925, Reisner's salary amounted to $503.57, of which $394.29 covered the six months next preceding the closing of the store. For a short time after Copp became manager Reisner kept an itemized account of cash and merchandise drawn by him, but kept no account after July 21, 1924. He was acquainted with the failing condition of the business shortly after Copp became manager, and discussed the question of his claim in the event the business failed. The referee found that Copp and Reisner had each failed to establish his claim, and disallowed them. The claim of Mrs. De Long was held to have been properly proved and was allowed. The plaintiffs insist that under the evidence the claim should have been allowed by the referee, and that the conclusions are inconsistent with the findings and the evidence. Their assignment of error cannot prevail.

It devolved upon them to prove the time of service, the wages agreed upon for such service, and that the wages earned had not been paid. The periods of service and the agreed compensation to be paid were shown, but they failed to establish to the satisfaction of the referee and the court that the compensation earned had

not been paid. Copp was manager of the pharmacy and handled the finances of the business and had exclusive authority in the matter of paying the expenses of the concern. Among the principal expenses to be paid were the services of employees who assisted him in conducting the business. It appears that he permitted the employees to draw cash and merchandise from the store, keeping their own accounts, and he accepted the accounts so made without knowing anything about their correctness or whether they represented the actual amounts of cash or merchandise taken by the employees. Some accounts were kept by him, but after he became manager he drew cash and merchandise from the store continually but kept no accounts of what was drawn. No satisfactory explanation was given why he kept no accounts of the moneys and merchandise so drawn out by himself and Reisner. Naturally the salaries and wages of employees would be promptly claimed and as likely to be first paid as any other of the current expenses, and it appears that during this period there were sufficient funds on hand under Copp's control with which to pay current salaries of himself and other employees of the business. It is apparent that the referee and the court gave little credence to the claim that he had not paid himself out of the funds in his hands and out of the merchandise under his control. As to Reisner, he was employed in the pharmacy at a stated salary of $15 per week from about the time that Copp became manager, and he claimed that there was due him $389.30, for which he asked preferential payment. It was found that while he was employed as a clerk he assisted Copp in the management of the business and in the absence of Copp, which occurred occasionally, he had full charge of the business. He was permitted to draw cash and merchandise for his personal use, and the only record kept of such withdrawal was kept by himself. At the beginning he submitted an account to Copp, who would check it over and mark it paid. Some money was paid to him by Copp, but in most instances Reisner took money from the cash register and paid himself. There were sufficient funds on hand in the store from which Reisner could have paid his salary while he had access to the cash register and the goods in the store. For a short time after Copp became manager, Reisner kept an account of cash and merchandise taken out by him, but after the first month no account was kept of merchandise taken except six items amounting to $5.10. It may be said, too, that dur-

ing this period he knew that the store was in a failing condition. Upon the evidence and the circumstances brought out the referee found that both Copp and Reisner had failed to establish their respective claims and disallowed them. Motions to modify and set aside the findings and conclusions were considered by the court and denied. Whether or not the claims of plaintiffs were still due and unpaid were questions for the trier of the facts. It was incumbent on them to establish what amount, if any, of their claims had not been satisfied by money and merchandise withdrawn from the business. Evidently the referee did not accept as credible all of the testimony given by them in respect to payments, and upon a review of the findings and conclusions the trial court has approved the action of the referee. It may be said that the referee's finding upon a question of fact is entitled to the same force as a special finding of a jury, and the same rule applies to the credibility of witnesses. We have not seen or heard the witnesses, but the referee who had that opportunity has determined how far their testimony should be credited and has measured the weight of their testimony. In view of the evidence and findings we cannot say that a wrong conclusion has been reached.

The question of whether employees serving in the capacity of these plaintiffs were entitled to preferential payments of wages where a receiver is appointed for a business concern, under R. S. 44-312, has been argued, but it having been found that plaintiffs had failed to establish that anything is due to them, the matter of preference is not material and does not require a consideration here.

The judgment is affirmed.